TOWN OF PINE GROVE, Plaintiff-Appellant,

v.

State of Wisconsin LABOR & INDUSTRY REVIEW COMMIS-
SION and Roger J. Wrycza, Defendants-Respondents.

Court of Appeals

*No. 82–753. Submitted on briefs March 16, 1983.—*
*Decided March 28, 1983.*
(Also reported in 332 N.W.2d 868.)

For the plaintiff-appellant the cause was submitted on
the brief of *Chambers, Nash, Pierce & Podvin, S.C.* of
Wisconsin Rapids.

For the defendants-respondents Labor and Industry Review Commission the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

For the defendant-respondent Roger J. Wrycza the cause was submitted on the brief of *Maris Rushevics* and *Anderson, Fisher, Shannon, O'Brien & Rice* of Stevens Point.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge. The Town of Pine Grove appeals from a judgment of the trial court affirming a decision of the Labor and Industry Review Commission. The commission awarded benefits equal to one-half of respondent police officer's monthly salary for total permanent disability to be paid for life as provided by sec. 66.191(1), Stats. The commission held that the benefits provided by sec. 66.191(1) were lifetime benefits. We affirm.

The police officer seeking benefits was shot in the performance of his duties. Because of the residual injury, his doctor advised him to retire from his position. The doctor found the officer 100 percent permanently unable to perform as an officer. The officer waived entitlement to benefits from the Wisconsin Retirement Fund under sec. 41.14, Stats., and elected to receive disability benefits under sec. 66.191(5), Stats.[1] Since his retirement the officer has been elected and holds office as county clerk.

---

[1] Section 66.191(5), Stats., provides:

(a) No person is entitled to a payment under this section unless the person first files written election to waive disability benefits under s. 41.13 and subch. IV of ch. 41 with the department of employe trust funds and the department of industry, labor and human relations. The department of industry, labor and human relations may not enter an order for payment under this section and an employer as defined by s. 41.02(4) may not make a pay-

The sole issue raised on this appeal is whether the benefits of sec. 66.191(1), Stats., extend for life. Appellant contends that the benefits should end at age fifty-five, the normal retirement age for police officers.

Section 66.191(1), Stats., provides:

> Whenever a police officer . . . while engaged in the performance of duty, is injured . . . and is found upon examination to be so disabled by a disability which is likely to be permanent, as to render necessary the person's retirement from any of the aforesaid services, the department of industry, labor and human relations shall order payment to him or her monthly, under sec. 20.865 (1)(d) or 102.21, of a sum equal to one-half the person's monthly salary in such service at the time the person became so disabled.

Appellant would put a limit on the length of time for which the half salary benefits would have to be paid. The statute puts no such limit. It only says the payments shall be made "monthly."

Appellant urges that sec. 66.191(1), Stats., is a worker's compensation statute, which was only intended to furnish compensation for wage loss until normal retirement age. We find nothing in the statute that imposes

---

ment under a settlement of a claim made under this section unless written waiver is first filed as required by this section.

(b) The department of industry, labor and human relations, prior to entering an order under this section, and employers, as defined by s. 41.02(4), prior to making any payment under a settlement of a claim under this section, shall notify the department of employe trust funds of the award or settlement and request notification of the total amount paid by the department of employe trust funds under s. 41.13 or subch. IV of ch. 41 to the person entitled to benefits under this section. The amount due the Wisconsin retirement fund for any payments made under s. 41.13 or subch. IV of ch. 41 shall be ordered paid out of the amount awarded under this section.

(c) No person may receive disability benefits under this section and also under s. 41.13 or subch. IV of ch. 41.

such a limit. It is not unknown in worker's compensation to make a lifetime award for permanent total disability. Sec. 102.44(2), Stats.[2] Analogies are hardly necessary, however, when the words of sec. 66.191(1) are clear and unambiguous. That statute says that the benefit shall be paid "to him or her monthly." Since it can be paid only to the disabled employee, it cannot be paid after his or her death. If death is the result of the occupational injury or disease, a benefit then is paid to the surviving spouse and children. Sec. 66.191(2).[3]

---

[2] Section 102.44(2), Stats., provides in pertinent part: "In case of permanent total disability aggregate indemnity shall be weekly indemnity for the period that the employe may live."

[3] Section 66.191(2), Stats., provides:

If such injury or disease shall cause the death of such person, and the person dies leaving surviving a spouse or an unmarried child under the age of 18 years, the department shall order monthly payments as follows:

(a) To the surviving spouse, unless the spouse had married the deceased after the deceased sustained such injury or contracted such disease, one-third of the monthly salary being paid to the deceased in such service at the time of disability or death, until the surviving spouse marries again.

(b) To the guardian of each such child, $15 until the child becomes 18 years of age but the total monthly payments ordered under this subsection shall not exceed 65% of the monthly salary being paid to the deceased in such service at the time of disability or death, and there shall be a proportional reduction in the benefits paid hereunder, if necessary, in order to comply with such limitation. On or before January 15 in each year any person entitled to a benefit under this subsection shall file with the municipality which makes payments hereunder an affidavit stating that the person has not married again. The monthly payment ordered to any person under this subsection shall begin in each calendar year only after such affidavit shall have been filed with the clerk of such municipality, and no payment shall be made for any month in such year prior to the one in which such affidavit was filed.

(c) If any person entitled to death benefit payments under this subsection is also entitled to death benefits under ch. 102 because of the death of such participating employe, the death benefit pay-

Appellant argues that the officer should not be treated as totally disabled because he has become a public official and is able to function as such. Whether his acceptance of public office should bar him from the benefits of sec. 66.191(1), Stats., in whole or in part is a matter of public policy, better addressed to the legislature than to the court. *See Sperbeck v. ILHR Dept.*, 46 Wis. 2d 282, 289, 174 N.W.2d 546, 549 (1970).

It may well be that under the disability standards in ch. 102, Stats., the officer is not totally permanently disabled, but that is not the test of sec. 66.191(1) Stats. The test of sec. 66.191(1) is whether the officer is so disabled by a disability "which is likely to be permanent" as to "render necessary the person's retirement" from the service. If the officer is so disabled that he can no longer perform service as an officer, he is entitled to the benefit.

We may not limit the benefits awarded under sec. 66.-191(1) Stats., in the absence of a statutory provision that other employment is a basis for eliminating or limiting those benefits. Appellant's principal complaint is that the legislature was overly generous with benefits for injured employees at the expense of the municipalities who employed them. This is legislative policy, and it is not for this court to modify or nullify it.

*By the Court.*—Judgment affirmed.

ments due under this subsection shall be reduced by an amount equal to the total weekly death benefits payable under ch. 102.